```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


ANTHONY SCIBELLI, Executor of  )
the Estate of Walter Jajuga,   )
et al.,                        )
         Plaintiffs            )
                               )
                   v.          )  C.A. No. 10-cv-30016-MAP
                               )
PRUDENTIAL INSURANCE COMPANY   )
OF AMERICA,                    )
         Defendant             )
```

### MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND MOTION FOR INTEREST
(Dkt. Nos. 48 & 63)

June 25, 2012

**PONSOR, U.S.D.J.**

This is an action pursuant to the Employee Retirement Income Security Program ("ERISA"), 29 U.S.C. § 1132, in which Plaintiffs sought to recover benefits from the life insurance policy of the decedent, Walter Jajuga. On March 1, 2011, the court allowed Defendant's Motion for Summary Judgment and entered judgment for Defendant. On January 12, 2012, the First Circuit Court of Appeals reversed this court's judgment and remanded the case with instructions to issue an order requiring Defendant to award benefits to the beneficiaries of the insurance policy according to the terms of that policy, with any interest to which they may be entitled. (See Dkt. No. 47.)

Before the court now is the question of the entitlement of Plaintiffs' counsel to attorney's fees and Plaintiffs' entitlement to interest on the award.  Plaintiffs' attorneys have submitted affidavits supported by contemporaneous time records seeking an award of fees in the amount of $169,645.40.  The fee claim of Plaintiffs' lead attorney, Terrence A. Low, in the amount of $134,662.50 has been reduced by ten percent to account for any inefficiencies.  Affidavits have been submitted supporting the hourly rates requested by Plaintiffs' four attorneys, both for "core" and "non-core" services.

Having reviewed these submissions, the court finds that the hourly rates are appropriate and the amount of time claimed for all four attorneys is reasonable.  The relatively modest fees requested for the three attorneys who assisted Attorney Low were not excessive and, given their lower hourly rates, likely resulted in a reduced total fee request.  The limited objections offered by Defendant to some of the fee entries have been adequately addressed by Attorney Low's submission of a fee request that has already been reduced by ten percent.

As for the request for an award of interest, this will also be allowed.  The court has previously, in an ERISA case, awarded interest at the rate contemplated under

Massachusetts statutes.  See Gallagher v. Park W. Bank & Trust Co., 951 F. Supp. 10, 14 (D. Mass. 1997).  While judges have discretion with regard to the award of interest, and different courts adopt different policies, this court will pursue the consistent practice set forth in Gallagher.  The approach of using the state statutory rate of twelve percent has at least the virtue of consistency as between awards under the federal statute and awards under parallel state statutes.

In sum, Plaintiffs' Motion for Attorney's Fees (Dkt. No. 48) is hereby ALLOWED.  The court awards attorney's fees in a total amount of $169,645.40, to be apportioned among the four attorneys who represented Plaintiffs here in accordance with their submissions.  In addition, the Motion for Interest (Dkt. No. 63) is hereby ALLOWED from the date of Walter Jajuga's death until the date of entry of judgment at the Massachusetts statutory rate of twelve percent.  Post-judgment interest is also awarded according to the applicable federal rate from the date of entry of judgment until the date of payment.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge